# MEMORANDA

OF CASES DECIDED DURING THE PERIOD COMPRISED IN THIS VOLUME
AND DESIGNATED BY THE COURT "NOT TO BE
REPORTED."

## WILLIAM BROOKFIELD *vs.* GEORGE M. SHARP, Receiver, etc.

*Receiver's Sale—Exceptions—Description of the Property Sold—Liens.*

Appeal from an order of the Circuit Court for Baltimore County (Burke, J.). *Affirmed.*

Appropriate proceedings were had in the Circuit Court for Baltimore County which resulted in the appointment of a receiver and a decree for the sale by him of the chattels and leasehold estate of the Baltimore Glass Manufacturing Company. Having failed to sell at public sale, the receiver so reported to the Court and was authorized to sell to the appellant at private sale the leasehold estate, plant and all the property mentioned in a catalogue which was filed with the report, and formed part of or was annexed to the offer to purchase made by the appellant—which offer was reported to the Court, for acceptance. However, before this private sale so made to the appellant had been finally ratified, he filed an exception thereto on the ground that two attachments had been levied upon the said property before it went into the receiver's hands, thus creating a prior lien. The Court said: " It is evident from the proceedings that the Court below had ordered its receiver to settle with the attaching creditors. Of course, there can be no doubt that the appellant is entitled to have these attachment liens removed before he can be compelled to comply with the order ratifying the sale to him, but it

is equally clear that the Court below ratified the sale upon the theory that the attachment claims either had been or would be paid by the receiver. Some four months after filing the foregoing exception, the appellant filed two other exceptions: First, because since the sale reported to have been made to him a bill for an injunction had been filed in the Circuit Court for Baltimore County by the South Baltimore Company to enjoin the said receiver, the Glass Company and the appellant from removing a large portion of the property reported as sold, on the ground that said property " is in the nature of fixtures erected on the land " and that therefore no clear and absolute right of property exists in the receiver; and second, because owing to the great lapse of time since the reporting of the sale, the property has greatly depreciated in value. But the Court below overruled all the exceptions and ratified the sale by its order of the 29th of March, 1898.

" In the first place, it should be observed that there is nothing before us on this appeal involving the question as to whether the injunction on which the exception is based should be made perpetual or dissolved. The appellant being a non-resident, never appeared to the injunction suit, but was summoned by publication, and having failed to appear and answer, a decree *pro confesso* was taken against him in that suit. It would seem, however, that the exception we are now considering is based upon the assumption that the injunction will be maintained, and that therefore the appellant will not be allowed to remove the property in question. But if this supposition be correct, which we by no means decide, this is not a case where it is even alleged that the receiver made any untrue representations by which the sale was promoted, but the complaint of the appellant is that although he purchased the property " as described in attached catalogue," and it is there described as *leasehold*, he ought to have an absolute title. Of course it requires no authority to show that such a contention cannot be entertained. He had full notice of the lease which created the leasehold interest he purchased, and he took, therefore, subject to its provisions.

If, as matter of law, the lessor, the South Baltimore Company, has power under the lease to prevent the removal of the chattels or some of them, the appellant must be taken to have purchased with that knowledge, for the lease was of record and notice to all the world. But there is no attempt to prove that the appellant believed or had any reason to believe, or that he was informed by the receiver that he had a right to remove the chattels which are claimed in the injunction suit to be fixed to the freehold.

" The remaining exception rests upon the allegation that the property purchased has greatly depreciated in value. But there is no proof of it. And if there were, it would hardly lie in the mouth of the appellant to rely upon depreciation caused by delay arising, as appears, from the interposition of his exceptions, and his failure to appear to the injunction suit."

Opinion by FOWLER, J., filed December 20th, 1898. Recorded in Liber J. F. F. and A. R. No. 1, folio 93 of " Opinions Unreported."

Argued by *George R. Gaither, Jr.*, for the appellant. *Thos. Ireland Elliott* for the appellee.